IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-09-045 |
| § | CIVIL ACTION NO. H-09-3561 |
| RINSON RIASCOS-CAICEDO § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's section 2255 motion complaining of ineffective assistance of counsel and requesting a post-sentencing reduction of his sentence. (Docket Entry No. 309.) Defendant entered a plea of guilty to one count of conspiracy to distribute 5 kilograms or more of cocaine and was sentenced on March 11, 2009, to 50 months incarceration followed by a five-year term of supervised release.

Defendant asserts that he was entitled to application of section 5K2.0 of the United States Sentencing Guidelines for a downward departure based on the alleged "harsh and brutal conditions" of his thirteen month pre-extradition confinement in Combita, Columbia. In support, he cites such factors as inclement weather conditions; water access limited to certain hours of the day; limited toilet and medical facilities; poor quality food; a commissary that sold only snacks, cookies, and soda; malfunctioning toilets; vermin; small cells with concrete slabs for beds; telephone usage limited to 15 minutes per day per inmate; and a generally "violent and corrupt" prison system. Defendant complains that defense

counsel failed to inform the Court of these pre-extradition conditions of confinement as grounds for a downward departure, or to notify the Court of his prior volunteer work, excellent work history, and childhood poverty.

The Court notes that, in Defendant's Sentencing Memorandum, defense counsel urged this Court to consider such factors as Defendant's prior volunteer work, his consistent work ethic, and his lack of a criminal history. The Memorandum contained an entire section devoted to "Defendant's Time in Colombian Prison," and argued that Defendant's lengthy stay in the Colombian prison "should further factor into the Court's sentencing decision, as the prison conditions in Columbia are substantially worse than here in the United States." (Docket Entry No. 294, p. 4.) The pre-sentence investigation report, reviewed by this Court prior to sentencing, set forth the details of Defendant's work history. The Court further notes that, during his pre-sentence investigation interview, Defendant reported his childhood as "pleasant." (Docket Entry No. 289, p. 15.) Thus, the record shows that defense counsel informed the Court of the harsh conditions of Columbian prisons and of Defendant's work and volunteer history. His employment history was outlined in the pre-sentence investigation report. Defendant himself failed to report a poverty-stricken childhood. In any event, Defendant's assertions in and the exhibits attached to his pending motion do not convince this Court that he himself personally experienced such conditions of confinement at the Columbian prison as to have merited a downward departure under section 5K2.0.

To prevail on his claim of ineffective assistance of counsel, Defendant must demonstrate that counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the results of his sentencing hearing would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984). For purposes of this section 2255 motion, Defendant establishes neither deficient performance nor prejudice.

To any extent Defendant is independently requesting post-sentencing application of a section 5K2.0 downward departure to modify and reduce his sentence based on his alleged pre-extradition conditions of confinement, his request is denied.

The section 2255 motion (Docket Entry No. 309) is **DENIED**. The Clerk of Court is **ORDERED TO TERMINATE** Docket Entry No. 1 in C.A. H-98-cv-3561 and **ADMINISTRATIVELY CLOSE** that case.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 12th day of November, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE